ROBERT REYNOLDS AND WIFE, appellants, *v.* DUNCAN McGREGOR, Adm'r of the estate of CHARLES CARRON.

If no appeal were taken from the allowance, by the commissioners upon an insolvent estate, of a claim against the estate, the administrator must be allowed, in his account, for such sum as he has actually paid in extinguishment of the claim, notwithstanding the claim was fictitious, and was allowed with the consent and connivance of the administrator.

It is discretionary with the court to allow or refuse costs on appeals from the court of probate. Where, on an appeal from the allowance of an administrator's account, the administrator successfully resisted a large claim that was made by the appellants against him, and the amount found due from him was only about twenty-five dollars larger than the amount allowed by the probate court, no costs were taxed for either party.

APPEAL from the allowance of the administrator's account by the probate court.

The administrator claimed to be allowed the amount of a claim, allowed by the commissioners on claims against the estate in favor of Charles Carron, son of the intestate, amounting to seven hundred and five dollars and thirty cents, in reference to which the commissioners, appointed by this court to adjust the administrator's account, reported, that the claim was "fictitious, unfounded and illegal, and was procured to be allowed by the claimant with the assent and connivance of the said administrator, for the purpose of swallowing up such portion of the estate of said deceased, as might remain after the payment of the other creditors."—But the Com-

missioners decided that, inasmuch as no appeal was taken from the allowance of the claim, they could not now disallow the amount paid by the administrator upon it, and they therefore allowed him upon his account five hundred and fifty dollars, "being the sum which he had actually paid to extinguish said claim."

To this decision the appellants excepted.

*Beardsley* and *Aldis* for plaintiffs.

The report shows that the allowance of the claim of $705.30 in favor of Charles Carron against the estate was procured by the fraud of the administrator. The administrator cannot protect himself in the payment of a claim, which he knew was fraudulent when he procured its allowance, by the fact that its allowance by the commissioners was not appealed from. It was *his* duty to appeal, and his neglecting to do so was an act of fraud. Creditors and heirs *might* have appealed,—but it was not their *duty* to do so; they were ignorant, perhaps, of the allowance of the claim, or of its being a fraud, and trusted to the fidelity of the administrator.

2. This proceeding does not set aside the decision of the probate court commissioners, or render void the allowance as between the estate and Charles Carron. It only visits on the administrator the effects of his fraud.

3. The appellant is entitled to cost.

———— ———— for defendant.

The claim of Charles Carron had been presented by him to the commissioners on the estate of the deceased, and had been allowed by them, and their allowance had been accepted and ratified by the probate court, and duly recorded. It had then become a judgment of record of a court of competent jurisdiction, and the commissioners appointed by this court could not go back of it, and inquire into the validity of the claim upon which it was founded. The heirs are presumed to have had notice, and might have appeared and defended. They could have appealed from the allowance; but, not having done so, they are concluded by the judgment of the probate court.

The opinion of the court was delivered by

WILLIAMS, CH. J. We see no reasons for rejecting the report of

the commissioners appointed by this court to take the account of the administrator. The only objection which is made to the report is, that the administrator has been allowed the sum of five hundred and fifty dollars to extinguish and pay a claim, allowed against the estate of his intestate by the commissioners appointed to hear, examine, and adjust the claims against the estate of the deceased. We can see no reason for disallowing this sum, as the administrator has not only paid it, but was under a legal obligation so to do.

The claim was allowed against the estate of the intestate and became a debt against that estate. If the claim was fraudulent and fictitious, it is not found or suggested that the administrator received any benefit from it. He may have had good reasons, satisfactory to himself, for not appealing from the allowance. The creditors and heirs, or either of them, could have litigated it, if they thought proper. But, it having been allowed by the commissioners, and no appeal having been taken, and the report of the commissioners having been accepted, their decision was final in the premises, and it was the duty of the administrator to pay the sum found due, and he was rightly credited therefor in his administion account. If the appellants can disturb this allowance, it must be in some other way than by objection to the credit to the administrator, in his account, of the sum paid. The report is therefore accepted, and the administrator's account allowed as reported.

The cost being discretionary with the court, none will be allowed to either side. The administrator has successfully resisted the large claim, made by the appellants, although a sum larger by about twenty-five dollars is found in his hands than was found by the court of probate.